UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD EDWARD FIELDS,

    Petitioner,

v.

    Case No. No. 2:21-CV-11836
    Honorable Sean F. Cox

MATT MACAULEY,

    Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [ECF NO. 11] AND DISMISSING THE PETITION [ECF NO. 5] WITHOUT PREJUDICE

Petitioner Brad Edward Fields, a Michigan state prisoner confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his convictions by a Wayne County Circuit Court jury of first-degree felony murder, first-degree child abuse, torture, and conspiracy child abuse charges, arising out of the abuse and death of his girlfriend's four-year-old daughter.

Because his original petition contained both exhausted and unexhausted claims, the Court ordered Petitioner to decide whether he wished to delete his unexhausted claims and permit the petition to proceed as to his sole exhausted claim; or whether he preferred to dismiss his habeas petition in full, enabling him to return to the state courts to exhaust his unexhausted claims. (ECF No. 4.)

Petitioner filed an amended petition, and instructed the Court he wished to delete his unexhausted claims and proceed with his sole exhausted issue of ineffective assistance of counsel. (ECF No. 5, PageID.82.) Now before the Court is Respondent's motion to dismiss the petition because Petitioner's sole remaining issue is unexhausted. (ECF No. 11.)

Because Respondent is correct, the petition will be dismissed. Because Petitioner retains a state-court remedy and adequate time to exhaust his unexhausted claims, the dismissal will be without prejudice.

## I. Background

The Court recited the tragic facts of this child abuse and murder case in its prior order (*see* ECF No. 4); it will refrain from repeating that history here. Instead, it will review the facts that relate to Petitioner's original and amended petitions and Respondent's motion to dismiss.

On direct appeal, Petitioner's appointed appellate counsel raised a single issue, insufficiency of the evidence. (Mich. Ct. App. Rec., ECF No. 12-16, PageID.1363.) The court of appeals analyzed in detail the evidence and the elements of the offenses and affirmed Petitioner's convictions. *People v. Fields*, No. 346235, 2020 WL 2095994 (Mich. Ct. App. Apr. 30, 2020).

Petitioner filed *pro se* an application for leave to appeal to the Michigan Supreme Court, raising the insufficient evidence issue and adding a claim of

ineffective assistance of trial counsel. (Mich. Sup. Ct. Rec., ECF No. 12-17, PageID. 1471.) The Michigan Supreme Court denied leave to appeal, "because [it was] not persuaded that the questions presented should be reviewed by this Court." *People v. Fields*, 506 Mich. 942, 949 N.W.2d 695 (2020).

Petitioner filed a timely habeas petition on July 28, 2021. Using a standard form for section 2254 petitions, he raised the following grounds for relief:

> I. Ineffective assistance of counsel, the Sixth Amendment guarantees the right of effective assistance of counsel. Facts of claim[:] (1) Ineffective by advising defendant to forego plea offer resulting in a life sentence. (2) Ineffective by failing to properly represent defendant during trial failing to make objections . . . (3) Ineffective by failing to advise jury defendant suffers from mental illness and was not medicated at time of alleged charges.
>
> II.
>
> III. Violation of Constitutional right under the 14th Amendment by being misled by trial counsel and sentence resulting in a natural life sentence when plea offer was 35 years. This deprives life/liberty without due process of law and denies defendant equal protection of the law.

(ECF No. 1, PageID.5, 7.) The form page containing Ground II was omitted from the petition, and the page containing Ground III was submitted twice. (*Id.* at PageID.7, 8.) Petitioner reported he raised two grounds for relief on direct appeal in both the Michigan Court of Appeals and the Michigan Supreme Court, insufficient evidence and ineffective assistance of trial counsel. (ECF No. 1, PageID.2-3.) He acknowledged neither Ground II nor III were raised in the

3

"highest state court." (*Id.* at PageID.12.)

On November 16, 2021, the Court ordered Petitioner to file an amended petition to correct the omission of Ground II in the original petition. (ECF No. 4, PageID.65.) Because the petition contained both exhausted and unexhausted issues, the Court also directed Petitioner to inform it whether he wished to dismiss the unexhausted claims and permit the petition to proceed on his sole exhausted claim; or whether he preferred to dismiss the petition in its entirety, enabling him to return to the state courts to exhaust his unexhausted issues. (*Id.* at PageID.65-66.)

Petitioner filed an amended petition on December 22, 2021. (ECF No. 5.) The first six pages were essentially identical to those of the original petition, including his assertion he raised two issues in both state appellate courts. (*Id.* at PageID.67-72.) The petition retained only a single ground for relief, the ineffective assistance claim. (*Id.* at PageID.71.) On the form's pages for grounds II and III, Petitioner answered numerous questions "N/A." (*Id.* at PageID.73-76.)

Petitioner ended the amended petition with the following "Instructions for the Court":

> Petitioner politely instructs and request for the court to dismiss and delete unexhausted second and third claims and to proceed with sole exhausted ground on ineffective assistance of trial counsel. Petitioner permits petition to proceed on his sole exhausted claim.
>
> The evidence is insufficient to sustain conviction of felony murder on a theory of aiding and abetting MCL 767.39.

4

> Trial counsel was ineffective under *Lafler* by advising this defendant to forego plea offer resulting in a life sentence, and failed to mention defendant's mental illness. . . . Trial counsel ineffectiveness clearly seen.

(ECF No. 5, PageID.82.)

In his motion to dismiss, Respondent argues that Petitioner has not presented his ineffective assistance claim in the Michigan Court of Appeals, and as a result, the claim is unexhausted. (ECF No. 11, PageID.143-44.) Respondent requests the petition be dismissed for failure to exhaust. (*Id.* at PageID.144, 146-47.)

### I. Legal Standard

A habeas petition by a state prisoner may not be granted unless the prisoner has exhausted all available state remedies for each of the claims presented in the petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Exhaustion is accomplished by "fairly present[ing]" to the state courts both the factual and legal bases for the habeas claims. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A Michigan prisoner must properly present each issue he or she seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citation omitted); *Delisle v. Rivers*, 161 F.3d 370, 381 (6th Cir.1998). Raising an issue for the first time in the state supreme court is not "fair

presentation" for exhaustion purposes. *Olson v. Little*, 604 F. App'x 387, 402 (6th Cir. 2015) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *see also Skinner v. McLemore*, 425 F. App'x 491, 495 (6th Cir. 2011).

## II. Discussion

Petitioner's original petition was a "mixed," as it contained one exhausted and two unexhausted claims (one of which was unknown). Petitioner was ordered to decide whether he wished to proceed on the sole exhausted issue, or to dismiss the entire petition so he could return to the state courts to exhaust the unexhausted claims. (ECF No. 4.)

Petitioner responded by electing to proceed on what he believes is the sole exhausted issue: the ineffective assistance of counsel claim.[1] (ECF No. 5, PageID.82.) Petitioner is incorrect. The ineffective assistance of counsel issue is unexhausted, because Petitioner only raised it at the Michigan Supreme Court which is insufficient for exhaustion purposes. *Olson*, 604 F. App'x at 402; *Skinner*, 425 F. App'x at 495. Only the insufficient evidence claim was exhausted, as it was the only issue presented to both the Michigan Court of Appeals and the Michigan

---

[1] It is unclear why Petitioner included in his "Instructions to the Court" his assertion that insufficient evidence supports his convictions. (ECF No. 5, PageID.82.) Because the body of the amended petition contains only a "Ground One" (the ineffective assistance claim), and because the first paragraph in the "Instructions" is clear that Petitioner wishes the Court to proceed on this single claim (although his assertion that the issue is exhausted is incorrect), the Court will address the petition as containing that single claim.

6

Supreme Court. (*See* Mich. Ct. App. Rec., ECF No. 12-16, PageID.1363; Mich. Sup. Ct. Rec., ECF No. 12-17, PageID. 1471.)

The amended petition supersedes the prior, original petition. *See Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). As a result, only the unexhausted ineffective assistance issue is before the Court. A prisoner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Petitioner may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, before returning to federal court to pursue habeas relief, he must seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Because of the availability of a state court remedy, and the possibility Petitioner may return to this Court with an amended petition following resolution of that remedy, the petition will be dismissed without prejudice.

The Court concludes that an alternative to dismissal, staying the petition and placing it in abeyance, is neither necessary nor appropriate. First, Petitioner has not requested a stay. More importantly, the "limited circumstances" that support such relief are not present, because the one-year limitations period does not pose a

7

concern for Petitioner. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Petitioner's convictions in this case became final on January 25, 2021, ninety days after the Michigan Supreme Court denied him leave to appeal, which is the deadline for filing a petition for writ of *certiorari* in the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000). The petition was filed on July 28, 2021, six months and three days into the one-year limitations period. As a result, 181 days, or nearly six months, remains in Petitioner's limitations period. If Petitioner chooses to return to the state courts to exhaust any unexhausted issue(s), this limitations period will be tolled during the time in which any properly filed post-conviction or collateral actions are pending there. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–221 (2002).

Petitioner is required to exhaust state court remedies, but has not done so. The motion will be granted.

### III. Conclusion and Order

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 11) and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

    **SO ORDERED.**

                                              s/Sean F. Cox  
                                              Sean F. Cox  
                                              United States District Judge

Dated: March 22, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2023, by electronic and/or ordinary mail.

                                              s/J. McCoy  
                                              Case Manager